IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VICKIE MAYES**,<br><br>        Plaintiff,<br><br>   v.<br><br>**1715 NORTHSIDE DRIVE, INC.**; **A-1 ENTERTAINMENT, LLC**; **C.B. JONES II**; and **CARMEN POPOVITCH**,<br><br>        Defendants. | Civil Action File No.<br><br>1:14-cv-4004-MHC |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Vickie Mayes and Defendants 1715 Northside Drive, Inc., A-1 Entertainment, LLC, C.B. Jones II, and Carmen Popovitch, by and through the undersigned counsel and pursuant to LR 16.2 NDGa, submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1.    Description of Case:**

(a) Describe briefly the nature of this action.

This is a suit brought under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et. seq.*), (hereinafter "the FLSA") seeking compensation for allegedly due, but unpaid, minimum wages. Plaintiff

1

further seeks reimbursement for fees she alleges that Defendants required her to pay. Lastly, pursuant to 26 U.S.C. § 7434, Plaintiff seeks to recover $5,000 per year for allegedly fraudulent filing of tax information returns filed by Defendant 1715 Northside Drive, Inc. with respect to Plaintiff.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

(1)   Plaintiff's Factual Contentions:

Defendants employed Plaintiff as a bartender and waitress at their club "Dreams" in Atlanta, Georgia from early-October 2010 through late- October 2014. In these positions, Plaintiff was not exempt from the minimum wage provisions of the FLSA.  At all times material, Defendants paid Plaintiff minimum wage as reduced by the FLSA tip credit, yielding an hourly rate of $2.13. At all times relevant, Defendants required Plaintiff to pay "fees" directly to Defendants, its owners, agents and employees thereby reducing her hourly wage. At all times relevant, Defendants required Plaintiff to pay "fees" directly to Defendants' security personnel, parking attendants, and managers thereby reducing her hourly wage. At all times relevant, Defendants required Plaintiff to reimburse shortages in her cash register thereby reducing her hourly wage. On at least one occasion in 2014, Defendants required Plaintiff to assist with renovation work the Club for

approximately 12 hours without receiving tips or otherwise interacting with customers. At all times material hereto, Defendants required Plaintiff to pay a portion of her tips for reasons other than the pooling of tips among employees who customarily and regularly received tips. At all times material hereto, Defendants required Plaintiff to pay the Club a percentage of large tips received from customers that had been remitted to the Club by check and credit card. After terminating Plaintiff's employment in October 2014, Defendants failed to issue Plaintiff her final paycheck. During the relevant time period, Defendants filed fraudulent Forms 1099-MISC to avoid paying Plaintiff minimum wages, state unemployment taxes, state and federal payroll tax contributions and state workers' compensation taxes. Defendants failed to compensate Plaintiff above or equal to the minimum wage for work she performed on their behalf as required by statute.

    (2)    Defendants' Factual Contentions:

Defendants 1715, A1, and Carmen Popovitch make the following factual contentions: since the change of ownership in 2013, Plaintiff worked at the club as a waitress and was paid in accordance with FLSA requirements, Plaintiff as not required to pay improper "fees" or percentages to club personnel or the club, Plaintiff was paid her final paycheck, Defendants did not file fraudulent 1009s to

avoid paying minimum wages or taxes, and Defendants compensated Plaintiff at or above the statutory requirements.

CB Jones asserts that he is not an employer as defined by the FLSA.

(c)  The legal issues to be tried are as follows:

From the Plaintiff:

1. Whether Defendants 1715 Northside Drive, Inc.; A-1 Entertainment, LLC; and Carmen Popovitch misclassified Plaintiff as exempt from the minimum wage provisions of the FLSA;

2. Whether Defendants, individually or collectively, were Plaintiff's "employers" under the FLSA;

3. Whether Defendants' business was a covered enterprise under the FLSA;

4. Whether Defendants failed to comply with the minimum wage requirements of the FLSA;

5. Whether Defendants required Plaintiff to pay fees and fines;

6. Whether any fees and fines paid by Plaintiff to Defendants and/or their employees, if any, violated the free and clear requirement of 29 CFR § 531.35.

7. Whether Defendants required Plaintiff to pay a portion of her tips to employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

8. The amount of back pay for unpaid minimum wages, if any, to which Plaintiff is entitled to recover from Defendants;

9. Whether Defendants' actions were taken in good faith as to avoid an award of liquidated damages;

10. Whether Defendants' actions were willful as to extend the statute of limitations for an additional year;

11. Whether Defendants failed to post and keep posted a notice explaining the FLSA in a conspicuous place, as required by 29 CFR § 516.4;

12. Whether the applicable statute of limitations should be tolled throughout the entire period in which Defendants failed to keep posted the notice required by 29 CFR § 516.4;

13. Whether Defendants filed Forms 1099 with respect to Plaintiff for tax years 2010, 2011, 2012, and 2013;

14. Whether Defendants fraudulently filed Forms 1099 with respect to Plaintiff for tax years 2010, 2011, 2012, and 2013;

15. Whether Plaintiff is entitled to $5,000 from Defendants for each fraudulent tax filing;

16. Whether 26 U.S.C. § 7434 creates a private right of action;

17. The amount of liquidated damages, if any, to which Plaintiff is entitled from Defendants;

18. The amount of attorneys' fees, expenses and costs if any, to which Plaintiff is entitled from Defendants;

19. Whether 1715 Northside Drive, Inc. was the alter ego of Defendant C.B. Jones II;

20. Whether Plaintiff has failed to plead a prima facie claim under the FLSA;

21. Whether Plaintiff's claims are barred to the extent it seeks recovery beyond the applicable limitations period;

22. Whether Plaintiff's claims are barred, in whole or in part, because she cannot establish that any acts or omissions of Defendants were willful under the FLSA;

23. Whether Plaintiff's claims are barred by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, unclean hands, and because of Plaintiff's conduct;

24. Whether Plaintiff's claims are barred to the extent she failed to mitigate her damages;

25. Whether Defendants' actions have been taken in good faith and based on reasonable grounds for believing that such actions were not in violation of the FLSA within the meaning of 29 U.S.C. § 260;

26. Whether Plaintiff's claims under the FLSA and otherwise are barred by the application of the doctrine of payment. Plaintiff has been paid all the money due;

27. Whether all or part of Plaintiff's claims are barred by the application of the after-acquired evidence doctrine;

28. Whether Plaintiff's claims are barred to the extent Plaintiff seeks damages for periods in which Plaintiff performed at a club owned and operated by Defendant 1715's predecessor owners; and

29. Whether Plaintiff's claims are barred, in whole or in part, by the application of the corporate veil doctrine.

(d) The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:  None
    (2)    Previously Adjudicated Related Cases:  None

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

|   |      |                                                                   |
|---|------|-------------------------------------------------------------------|
|   | (1)  | Unusually large number of parties.                                |
|   | (2)  | Unusually large number of claims or defenses.                     |
|   | (3)  | Factual issues are exceptionally complex.                         |
|   | (4)  | Greater than normal volume of evidence.                           |
|   | (5)  | Extended discovery period is needed                               |
|   | (6)  | Problems locating or preserving evidence.                         |
|   | (7)  | Pending parallel investigations or action by government.          |
|   | (8)  | Multiple use of experts.                                          |
|   | (9)  | Need for discovery outside United Stated boundaries.              |
|   | (10) | Existence of highly technical issues and proof.                   |
|   | (11) | Unusually complex discovery of electronically stored information. |

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
Matthew W. Herrington

DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303-1741
(404) 979-3150
(404) 979-3170 (facsimile)

**For Defendants 1715 Northside Drive, Inc. d/b/a Dreams, A-1 Entertainment, LLC d/b/a Dreams and Carmen Popovitch:**

DeWayne N. Martin

MARTIN WALKER & NEWBY, LLP
55 Ivan Allen, Jr. Boulevard, Suite 820
Atlanta, Georgia 30308
(404) 477-1282
(404) 759-2449 (facsimile)

**Admitted *Pro Hac Vice* for Defendant 1715 Northside Drive, Inc. d/b/a Dreams:**

Andrei Ciobanu
AC Law Office
675 East 16th Street, Suite 55
Holland, MI 49423
616 499 5338

**For Defendant C.B. Jones, II:**

Herbert P. Schlanger

LAW OFFICES OF HERBERT P. SCHLANGER
Suite 1890
230 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 808-6659

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?
___ Yes      _X_  No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

    None known.

(b)  The following persons are improperly joined as parties:

    None.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    None.

(d)  The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary: N/A

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A (2).

(a) Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) Other Limited Motions:  Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Neither party objects to standard Initial Disclosures.

## 9. Request for Scheduling Conference

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

## 10. Discovery Period

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The nature of Plaintiff's employment relationship with Defendants; the duties performed by Plaintiff for Defendants; the hours worked by Plaintiff for Defendants the compensation paid by Defendants to Plaintiff for such work; Defendants' policies and procedures regarding payment of fees and fines; Defendants' policies and procedures regarding tip pooling; Defendant 1715 Northside Drive, Inc.'s tax reporting and filing procedures with respect to its bartender and server employees; and the nature of the relationship between Defendant C.B. Jones II and Defendant

12

1715 Northside Drive, Inc. The nature of Plaintiff's employment or income generation history for the pertinent statute of limitations.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

As a Fair Labor Standards Act case this case is subject to a four month discovery track. Thus, discovery will commence on March 22, 2015 and is currently scheduled to expire on July 22, 2015. The parties reserve the right to move the Court for extensions of the discovery period in the future, if necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Northern District of Georgia.

**11. Discovery Limitations:**

(a) What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Stipulated confidentiality agreement and order.

(b) Is any party seeking discovery of electronically stored information?

___X___ Yes      _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See* Entry under (2).

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense.  Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format.  If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files.  Metadata shall be produced if requested or the Parties may discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach agreement.  If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials.  The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return

a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

>In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

Protective order.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on Tuesday, March 3, 2015 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

>For Plaintiff: Lead counsel (signature): */s/ Charles R. Bridgers*
>
>Other participants: */s/ Matthew W. Herrington*
>
>For Defendants:   */s/ DeWayne N. Martin*

15

*/s/ Andrei Ciobanu*

*/s/ Herbert P. Schlanger*


(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    ( X ) A possibility of settlement before discovery.

    ( X ) A possibility of settlement after discovery.

    (___) A possibility of settlement, but a conference with the judge is needed.

    (___) No possibility of settlement.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is after written discovery is exchanged.

(d) The following specific problems have created a hindrance to settlement of this case.

Plaintiff: None.

Defendants 1715, A1, and Carmen Popovitch cannot address a possible settlement until discovery is produced sufficient to establish and quantify Plaintiff's damages, if any.

14. **Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____ 2015.

(b) The parties (_xxx_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 10th day of March, 2015

DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No.

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

MARTIN WALKER & NEWBY, LLP

*/s/ DeWayne N. Martin*
DeWayne N. Martin
Georgia Bar No. 472564

55 Ivan Allen, Jr. Boulevard, Suite 820
Atlanta, Georgia 30308
(404) 477-1282
(404) 759-2449 (facsimile)
DMartin@martin-firm.com

AC Law Office

*/s/ Andrei Ciobanu*
Admitted *Pro Hac Vice*

3340 Prospect Street
Hudsonville, MI 49426

LAW OFFICES OF HERBERT P. SCHLANGER

*/s/ Herbert P. Schlanger*

|  |  |
|---|---|
| COUNSEL FOR PLAINTIFF | Herbert P. Schlanger |
|  | Suite 1890 |
|  | 230 Peachtree Street, N.W. |
|  | Atlanta, Georgia 30303 |
|  | (404) 808-6659 |
|  | hschlanger@bellsouth.net |
|  | herb@schlanger.com |
|  | COUNSEL FOR DEFENDANTS |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VICKIE MAYES**, <br><br> Plaintiff, <br><br> v. <br><br> **1715 NORTHSIDE DRIVE, INC. et al.**, <br><br> Defendants. | Civil Action File No. <br><br> 1:14-cv-04004-MHC |

## [PROPOSED] SCHEDULING ORDER

Upon review of the parties' Joint Preliminary Report and Discovery Plan, it is hereby ORDERED that the discovery plan contained therein is approved and adopted and it is FURTHER ORDERED that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the matter is hereby placed a four-month discovery track.

IT IS SO ORDERED, this _____ day of _____, 2015.

_____
Mark H. Cohen
Judge, United States District Court