IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VICKIE MAYES**,<br><br>Plaintiff,<br><br>v.<br><br>**1715 NORTHSIDE DRIVE, INC.**; **A-1 ENTERTAINMENT, LLC**; **C.B. JONES II**; and **CARMEN POPOVITCH**,<br><br>Defendants. | Civil Action File No.<br><br>1:14-cv-4004-MHC |

**JOINT MOTION FOR REVIEW AND APPROVAL**
**OF SETTLEMENT AND RELEASE AGREEMENT**

Plaintiff Vickie Mayes ("Plaintiff") and Defendants 1715 Northside Drive, Inc., A-1 Entertainment, LLC and Carmen Popovitch ("Defendants") move this Court to review and approve their Settlement Agreement and Release of Claims ("the Agreement"), and in support thereof show the Court as follows:

1.

Plaintiff filed her Complaint [Doc. 1] on December 17, 2014, alleging violations of the Minimum Wage Provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

1

2.

Based upon the understandings and assessments of each party, the Parties, acting at arms length and in good faith and with the advice of counsel, have negotiated and entered into the Agreement.

3.

Pursuant to <u>Lynn's Food Stores, Inc. v. United States of Am.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the Settlement Agreement.

4.

Once the Court approves the Agreement, and payment is made, the Parties will file a Stipulation of Dismissal With Prejudice.

5.

The parties request that the Court review and approve the Agreement.

6.

Defendants are defendants in a pending FLSA collective action styled *Branch v. 1715 Northside Drive, Inc., et al*, in the United States District Court for the Northern District of Georgia, bearing Civil Action number 1:14-cv-0960-TCB, *Brittany M. Thompson, et al. v. 1715 Northside Drive, Inc., et al.*, in the United States District Court for the Northern District of Georgia, bearing Civil Action No. 1:14-cv-00390; and the

civil action filed in the Superior Court of Fulton County, State of Georgia, *Chelsea V. Johnson v. 1715 Northside Drive, Inc., et al.*, Civil Action No. 2014-cv-249839 ("the pending FLSA Actions").

7.

Disclosure of the terms of this Agreement may be detrimental to the Defendants' interests in the pending FLSA Actions.

8.

The Parties have, therefore, agreed to keep the terms of the Agreement confidential.

9.

The parties will submit a copy of the Agreement directly to chambers for the Court's consideration, along with a courtesy copy of this Motion.

10.

In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

   (1) the existence of collusion behind the settlement;

   (2) the complexity, expense, and likely duration of the litigation;

   (3) the stage of the proceedings and the amount of discovery completed;

   (4) the probability of plaintiff's success on the merits;

   (5) the range of possible recovery; and

(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay,Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Edwards v. CFR Sales & Marketing*, 2011 U.S. Dist. Lexis 134705)(citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).

11.

The Parties have a good faith dispute as to (1) the number of hours worked by Mayes and (2) the existence of and the amount of kickbacks paid by Mayes during her employment.

12.

On April 5, 2016, the Parties submitted to mediation by U.S. Magistrate Judge Justin Anand. After a full day of mediation, Judge Anand presented a mediator's proposal to the Parties including the amount to be afforded Mayes in backpay, liquidated damages and costs of litigation, including her attorneys' fees.

13.

The Parties accepted Judge Anand's mediator's proposal.

14.

The amount of backpay to which Mayes will receive pursuant to the Agreement represents a compromise between the calculations the Parties asserted during the mediation.

15.

Plaintiff reviewed this documentation with her counsel and elected to accept the amounts set forth in the Agreement in settlement of their claims against Defendants.

16.

The agreed upon attorneys' fees and costs total approximately seventy-five percent of the amount billed by Plaintiff's counsel at rates previously approved cases by this District for Plaintiff's counsel in FLSA cases.

17.

The parties further request that the Court retain jurisdiction over this matter and incorporate the Settlement Agreement into its Order granting this Motion.

18.

Pursuant to LR 7.1, NDGa, the below signatory attorneys certify that this Motion was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local LR 5.1 C, NDGa.

14.

The amount of backpay to which Mayes will receive pursuant to the Agreement represents a compromise between the calculations the Parties asserted during the mediation.

15.

Plaintiff reviewed this documentation with her counsel and elected to accept the amounts set forth in the Agreement in settlement of their claims against Defendants.

16.

The agreed upon attorneys' fees and costs total approximately seventy-five percent of the amount billed by Plaintiff's counsel at rates previously approved cases by this District for Plaintiff's counsel in FLSA cases.

17.

The parties further request that the Court retain jurisdiction over this matter and incorporate the Settlement Agreement into its Order granting this Motion.

18.

Pursuant to LR 7.1, NDGa, the below signatory attorneys certify that this Motion was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local LR 5.1 C, NDGa.

WHEREFORE, the Parties respectfully request that this Court review and approve their Settlement Agreement and Release of Claims. For the Court's convenience, a proposed Order granting this Motion is attached hereto.

Respectfully submitted,

| DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC | NEWBY LAW GROUP, LLC |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.*<br>Kevin D. Fitzpatrick, Jr.<br>Georgia Bar No.: 262375<br>*s/ Charles R. Bridgers*<br>Charles R. Bridgers<br>Georgia Bar No.: 080791 | *s/ Kenneth A. Newby*<br>Ken Newby<br>Georgia Bar No. 179772 |
| 3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, Georgia 30303<br>(404) 979-3150<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com | 55 Ivan Allen, Jr. Blvd, N.W.<br>Suite 820<br>Atlanta, GA 30308<br>ken@newbylawgroup.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VICKIE MAYES**, <br><br> Plaintiff, <br><br> v. <br><br> **1715 NORTHSIDE DRIVE, INC.**; **A-1 ENTERTAINMENT, LLC**; **C.B. JONES II**; and **CARMEN POPOVITCH**, <br><br> Defendants. | Civil Action File No. <br><br> 1:14-cv-4004-MHC |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AND RELEASE AGREEMENT** using the CM/ECF system, which will automatically indicate the date of filing and transmit e-mail notification of such filing to all attorneys of record.

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No.: 080791

7