**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **VICKIE MAYES,**<br><br>Plaintiff,<br><br>v.<br><br>**1715 NORTHSIDE DRIVE, INC.; A-1 ENTERTAINMENT, LLC; C.B. JONES II; and CARMEN POPOVITCH,**<br><br>Defendants. | Civil Action File No.<br><br>1:14-cv-4004-MHC |

**CONFIDENTIAL SETTLEMENT AGREEMENT**

This Confidential Settlement Agreement ("Agreement") is made and entered into by and between Vickie Mayes ("Mayes") and 1715 Northside Drive, Inc., ("Northside") A-1 Entertainment, LLC ("A-1") and Carmen Popovitch ("Popovich"). Northside, A-1 and Popovitch are collectively referred herein to as "Defendants."

**W I T N E S S E T H:**

**WHEREAS**, on December 17, 2014, Mayes filed a lawsuit against Northside, A-1 and Popovich in the United States District Court for the Northern District of Georgia, bearing Civil Action number 1:14-cv-4004-MHC, alleging violations of the Fair Labor Standards Act ("the Litigation"); and

**WHEREAS**, Defendants have denied and continue to deny any liability for those claims and assert that there is no factual or legal basis for Mayes' allegations of liability; and

**WHEREAS**, Defendants are defendants in a pending FLSA collective action styled *Thompson v. 1715 Northside Drive, Inc., et al*, in the United States District Court for the Northern District of Georgia, bearing Civil Action number 1:14-cv-00390-RWS, ("the pending FLSA Collective Action");

**WHEREAS**, without any admission of liability by any of the Parties, the Parties, represented by counsel, with the assistance of U.S. Magistrate Judge Justin Anand serving as mediator, entered into a settlement agreement on April 5, 2016, in which they set forth the terms of a general agreement between the Parties; and

**WHEREAS**, the Parties desire to set forth in this written Agreement their final settlement terms;

**NOW, THEREFORE**, in exchange for good and valuable consideration, including, but not limited to, the execution of this Agreement and the Parties' consent to the dismissal with prejudice of all charges and claims alleged in the litigation, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

**1.0 Consideration.**

As consideration for the Mayes' agreement to be bound by the terms of this Agreement, Defendants will cause to be paid to Mayes and/or on her behalf Forty Seven Thousand Five Hundred and 00/100 Dollars ($47,500.00) (the "Settlement Amount"). This Settlement Amount includes the payment of all of Mayes' attorney fees and costs. The Parties agree that the Settlement Amount shall be divided between the Mayes and her counsel as follows: Twenty Three Thousand Seven Hundred Fifty and 00/100 Dollars ($23,750.00) to Kevin D. Fitzpatrick, Jr. in attorney's fees and costs; and Twenty Three Thousand Seven Hundred Fifty and 00/100 Dollars ($23,750.00) to Vickie Mayes. Payment will be made in forty-two (42) equal monthly installments. The first payment shall be due on the 15th day of the first month beginning after the month in which the Court approves this Agreement. The remaining payments shall be made before the last day of the succeeding forty-one (41) months. The Settlement Amount shall not incur any additional interest.

**Form of Payment**

The installment payments shall be in the following form:

1) One check for Five Hundred Sixty Five and 48/100 Dollars ($565.48) made payable to Vickie Mayes from which no withholdings will be deducted and

for which Defendant will issue an IRS Form 1099 to Mayes categorizing this amount as "box 7" non-employee compensation; and

2) Five Hundred Sixty Five and 48/100 Dollars ($565.48) made payable to Kevin D. Fitzpatrick, Jr, (who shall provide a current W-9) for attorneys and costs from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "14" proceeds to an attorney.

If a payment is not made within ten (10) days of the day on which such payment is due Mayes' attorney shall promptly provide written notice as to such event via a fax sent to attorney Ken Newby of Newby Law Group, LLC at fax number (404) 745-0075.

**2.0 Release.**

Effective upon the Defendants' payment of all funds due under this agreement, Mayes, for and in consideration of the Settlement Amount and other good and valuable consideration, the receipt of which is hereby acknowledged, does for herself, her attorney, attorneys, agents, assigns, heirs, executors, administrators and successors, hereby remise, release, acquit, satisfy, and forever discharge the Defendants, together with their assigns, successors, affiliated parent or subsidiary corporations or companies, agents, officers, directors, members, shareholders, officers, parent corporations, subsidiaries, partners, estates, executors, administrators and successors, employees, present and former attorneys, legal

representatives, divisions and insurers, and any other person or entity who has acted or purported to act on the Defendants' behalf (the foregoing being hereinafter referred to as the "Defendants' Released Parties"), of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, in law or in equity which they ever had, now have, or may have against the Defendants' Released Parties arising from or relating to the Plaintiffs' placement, employment or contractual relationships with the Defendants, limited to the allegations contained in the litigation.

**3.0 Dismissal with Prejudice and Mutual Release by the Parties of All Claims.**

In connection with the execution of this Agreement, the Parties have agreed to the dismissal of the Litigation with prejudice. Upon Mayes' counsel's receipt of the full Settlement Amount required by this Agreement, Mayes shall within ten (10) days file a dismissal with prejudice of the litigation.

The Parties agree that they will not attempt (or authorize an attempt) to initiate, or re-initiate, the allegations contained in the above-referenced Federal Lawsuit, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.

**4.0 Warranty.**

Mayes represents and warrants that she alone is entitled to assert any claim she may have against the Defendants of any kind or character arising out of, or as a consequence of, any employment or contractual relationship with the Defendants, including but not limited to, the matters which were alleged or could have been alleged in the Litigation. Mayes further represents and warrant sthat each is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against the Defendants. Mayes agrees to indemnify and hold Defendants harmless from any claim by any other person who is determined to have the right or authority to assert any claim on her behalf against Defendants or by reason of any such transfer or assignment, as described in this paragraph, and further agrees to indemnify and hold Defendants harmless from any costs, expenses or damages sustained by reason of any such claim. The Defendants represent and warrant that they are fully authorized to enter into this Agreement and that they have not transferred or assigned any right to any claim or recovery against Mayes.

**5.0 Confidentiality**

The Parties acknowledge that disclosure of the terms of this Agreement may be detrimental to the Defendants' interests in the pending FLSA Collective Action. Mayes agrees, therefore, to: (1) use her best efforts to prevent disclosure of the

terms of this Agreement; (2) avoid direct or indirect references, whether by her actions or her words, to the terms of this Agreement; (3) not initiate discussions, correspondence or other communications regarding the terms of this Agreement; (4) confine any unavoidable remarks relating directly or indirectly to the terms of this Agreement to a statement to the effect that "I reached a satisfactory settlement with 1715 Northside, Inc. A-1 Entertainment, LLC and Carmen Popovich;" and (5) not show this Agreement to or to discuss its contents with any person other than her attorneys or accountants, Mayes understands and acknowledges that the foregoing is a material term of this Agreement. The Parties agree, however, that in the event this provision of this Agreement is not approved by the Court, it shall be severed from this Agreement and the enforceability of the remaining provisions contained herein shall not be affected thereby.

**6.0 Court Approval**

The Parties agree to promptly file a Joint Motion for Review and Approval of Settlement Agreement. The Parties shall therein request that the Court retain jurisdiction pending the payment of all installments required by this Settlement Agreement. If the Court denies approval of this Agreement it shall be null and void.

**7.0 Entire Agreement.**

This Agreement represents the entire agreement between the Parties as to the subject matter contained herein. Neither this Agreement nor any provision thereof

may be changed, waived, discharged or terminated orally, unless the Parties agree otherwise in writing by an instrument signed by the Parties.

**8.0 Compromise and Settlement.**

This settlement shall not be construed as an admission of liability or wrongdoing on the part of any Party. The undersigned Parties expressly acknowledge that this settlement is being made as a compromise and settlement of disputed claims; that execution of, and compliance with, this Agreement, including any consideration paid in furtherance of this Agreement is not, and shall not, be construed to be an admission by any of the Parties of any liability or obligation whatsoever, by whom liability is expressly denied.

**9.0 Drafting of this Document.**

This Agreement is entered into after full opportunity for negotiations by the Parties and their counsel. For purposes of construing this Agreement, all Parties shall be considered the drafters with an equal responsibility for drafting the document.

**10.0 Applicable Law.**

The Parties agree that this Agreement shall be construed pursuant to the laws of the State of Georgia, without reference to principles of conflicts of law of Georgia or any other jurisdiction and, where applicable, the laws of the United States. The Parties agree that the state courts of Georgia, or (in the case of diversity of

citizenship) the United States District Court for the Northern District of Georgia, shall have jurisdiction of any action or proceeding arising under this Agreement unless the Parties agree otherwise in writing. The Parties hereby agree to, contract for and consent to the personal and subject matter jurisdiction of such courts in any such suit, action or proceeding and waive any objection which any Party may otherwise have to the laying of venue of any such suit, action or proceeding in the locations as specified herein.

**11.0 Survival.**

The confidentiality obligation entered into under this Agreement shall survive the full payment and resolution of all matters pursuant to this Agreement.

**12.0 Partial Invalidity.**

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

**13.0 Counterparts.**

This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one

Agreement. A facsimile or electronic copy of a signature shall be deemed to be an original.

**14.0 Authorization.**

By signing below, each of the undersigned, individually and/or in his corporate capacity, represents and warrants that he is duly authorized and empowered to execute this Agreement and to bind the respective Party that he represents, and that this Agreement and its execution have been duly authorized by all necessary actions whatsoever on the part of such Party to this Agreement. The Plaintiff represents that he is executing this Agreement knowingly and voluntarily, and that he is legally competent to execute this Agreement. The Plaintiff affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has had a reasonable period of time within which to consider the Agreement; and that he has had reasonable opportunity to receive legal counsel before executing this Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed and entered into by the Parties effective as of the date of execution by the last Party to execute this Agreement.

**Vickie Mayes**
May 15, 2016

**1715 NORTHSIDE DRIVE, INC.**

BY: ______________________
**Carmen Popovitch**
May ____, 2016

**A-1 ENTERTAINMENT, LLC**

BY: ______________________
**Carmen Popovitch**
May ____, 2016

______________________
**Carmen Popovitch, individually**
May ____, 2016